In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00180-CR
______________________________


TERRY LOUIS MILLER, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 188th Judicial District Court
Gregg County, Texas
Trial Court No. 30600-A


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross


MEMORANDUM OPINION

          Terry Louis Miller appeals from his conviction, on his open plea of guilty, for the
offense of felon in possession of a firearm. The court sentenced him to ten years'
imprisonment. Miller was also convicted, during the course of the proceeding, of
aggravated assault, with a deadly weapon finding, which is also before this Court on
appeal. 
          This appeal concerns only Miller's conviction for felon in possession of a firearm. 
The causes have been appealed separately and have been briefed together. 
          Since the briefs and arguments raised therein are identical in both appeals, for the
reasons stated in Miller v. State, No.06-03-00179-CR, we likewise resolve the issues in this
appeal in favor of the State.
          We affirm the judgment of the trial court. 
 
                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      January 20, 2004
Date Decided:         February 27, 2004

Do Not Publish






l"> [Hale]: Yes, sir.


 [Prosecutor]: What did he tell you?


 [Hale]: . . . I was hooking up to do my dialysis and I asked [J.D.S] to
sit down in peepaw's recliner and he hung his head like this and he said, "I
can't, peepaw," and I said why, and he said, "my bobo is sore." I said what,
[sic] "do you mean your bobo is sore." And he hung his head again and he
said, "pawpaw's been playing with it."


 [Prosecutor]: Who did you understand him to me [sic] by pawpaw?


 [Hale]: Larry Don Sessums, Sr.


 [Prosecutor]: When he told you that, what was your reaction?


 [Hale]: Very upset and beet red.


 [Prosecutor]: What do [sic] you understand him to mean when he told
you that?


 [Hale]: In my own mind, I drew a conclusion that he had been
messing with his bobo. 


 [Prosecutor]: As in spanking him or what?


 [Hale]: No.


 [Prosecutor]: Was it clearly something other than spanking?


 [Hale]: Yes.


 [Prosecutor]: What was it clear to you that it was?


 [Hale]: In my own words? In my own words, I think he was molesting
the child.


 The State insists that Hale's testimony about a "sore bobo" and a belief that J.D.S.
was molested combined with Jennings', Hamilton's, and McAndrews' testimony that
Sessums touched J.D.S.'s "private parts" was legally sufficient evidence on the issue of
penetration. We disagree.

 While there is evidence supporting the proposition that Sessums touched J.D.S.'s
"private parts" and "bobo," the State offered no evidence specifically defining these
nontechnical terms. Although Jennings testified that, when J.D.S. said "bobo," she
understood him to be referring to his "bottom," no evidence was adduced indicating he was
specifically referring to his anus. Without conjecture and speculation, we cannot know to
what J.D.S. was referring when he used the terms "bobo," "pee-pee," and "private parts."

 Moreover, Hale's testimony that J.D.S. had a "sore bobo" does not necessarily
equate to a reference to a sore anus, or that the soreness to which J.D.S. was referring
was caused by the penetration of Sessums' finger. In short, the State offered no evidence
linking the soreness to penetration. Again, the conclusion that the soreness in J.D.S.'s
"bobo" was caused by the penetration of Sessums' finger can only be arrived at with the
aid of conjecture and speculation. 

 Because there is no evidence supporting the allegation Sessums penetrated
J.D.S.'s anus with his finger, we conclude the evidence was legally insufficient on the
indicted offense of aggravated sexual assault of a child. We sustain Sessums' second
point of error as legally insufficient and render a judgment of acquittal on count
one-aggravated sexual assault of a child. See Clewis v. State, 922 S.W.2d 126, 133 (Tex.
Crim. App. 1996). Because Sessums' conviction of aggravated sexual assault of a child
is reversed for legally insufficient evidence, we do not need to address his other points of
error, including a review of the factual sufficiency of the evidence.

 Finally, although Sessums contended at oral argument he appealed both his
conviction for aggravated sexual assault and indecency with a child, in his brief, he made
no argument specifically identifying his conviction of indecency with a child. Rather, his
brief contains only references to his conviction of aggravated sexual assault of a child. 
Therefore, Sessums' brief is inadequate on his conviction of indecency with a child and
presents nothing for our review. See Tex. R. App. P. 38.1(h) (requiring brief contain clear
and concise argument for contentions made, with appropriate citations to authority and the
record); McDuff v. State, 939 S.W.2d 607, 613 (Tex. Crim. App. 1997); see also Ladd v.
State, 3 S.W.3d 547, 575 (Tex. Crim. App. 1999) (holding that requiring appellants to abide
by briefing rules and make reasonable arguments does not offend due process). 


 We reverse Sessums' conviction of aggravated sexual assault of a child and render
a judgment of acquittal as to count one of the indictment. 



 Donald R. Ross

 Justice


Date Submitted: June 20, 2003

Date Decided: June 27, 2003


Do Not Publish


1. Woods was convicted of sexual assault of a child.